## THE AUTOMATIC.

## THE TOMS RIVER.

(Circuit Court of Appeals, Second Circuit. March 19, 1923.)

Nos. 197, 198.

Towage ☞15(2)—Finding that tug was in fault for loss of tow held sustained by evidence.

Finding of the trial court that the sinking of a barge in tow was caused by striking a bridge abutment, for which the towing tug was in fault and liable, *held* sustained by the evidence.

Appeals from the District Court of the United States for the Eastern District of New York.

Suits in admiralty by George J. Waldie and James McGeeney, doing business as Waldie & McGeeney, against the steam tug Automatic, Tice Towing Line, claimant, and by the New York Trap Rock Corporation against the steam tug Automatic, the Tice Towing Line, claim-

ant, and the scow Toms River, George Waldie and James McGeeney, claimants. Decrees for libelants, and claimant Tice Towing Line appeals. Affirmed.

Anthony V. Lynch, Jr., of New York City, for appellant.

Macklin, Brown & Van Wyck and Horace L. Cheyney, all of New York City, for appellee Waldie.

Barber & Gibboney and Albert A. Springs, all of New York City, for appellee New York Trap Rock Corporation.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. The question was sharply raised by the pleadings and in the evidence whether the barge in tow did or did not come in violent contact with a bridge abutment. It has not been denied that, if such contact occurred, it was sufficient to account for the admitted loss and damage. The trial judge has held on very conflicting evidence that the contact referred to did occur. After reading the evidence, especially including that relating to the condition of the boat after capsizing, we are not inclined to disturb the lower court's finding of fact.

Decrees affirmed, with costs.